MACKEY and another, Respondents, vs. TROMBETTA and others, Appellants.

*September 9—October 6, 1953.*

For the appellants there were briefs by *James D. Ghiardi* and *Fairchild, Charne & Kops,* all of Milwaukee, and oral argument by *Mr. Ghiardi.*

For the respondents there was a brief by *Kleczka & Steinhilber* of Milwaukee, and oral argument by *Clarence R. Steinhilber.*

MARTIN, J. As set forth in the facts stated above, defendants' application in October of 1952 for an adverse examination of the plaintiffs was made under sec. 326.12, Stats., and the affidavit supporting the order to show cause stated that it was given in accordance with the provisions of sec. 326.12 (3). That subsection provides:

". . . If the person to be examined is a nonresident party to the action or proceeding, . . . the court may upon just terms fix the time and place of such examination, and he shall attend at such time and place and submit to the examination, and, if required, attend for the reading and signing of such deposition, without service of subpoenas. . . ."

This proceeding culminated in the order of Judge DRECHSLER dated October 23, 1952, setting a time and place for adverse examination of the plaintiffs on condition that defendants first submit their books and records for plaintiffs' inspection.

Defendants, however, did not comply with the terms of the order, the adverse examination provided for therein did not take place, and defendants allowed the time for appeal from the order to expire.

On November 25, 1952, defendants served the notice instituting the proceedings which culminated in the order they

now appeal from. The notice of November 25th stated that they sought "to take the deposition of W. W. Mackey of Wilmette, etc." (without making reference to sec. 326.12 or any other statute), for the reason that "said W. W. Mackey resides out of this state." W. W. Mackey is not denominated a party to the action, although he is one of the plaintiffs, and the language employed in the notice seems to indicate that the deposition is sought under the provisions of sec. 326.07 governing the taking of the deposition of a *witness*.

Appellants argue that the provisions of sec. 326.12 (2), Stats., make sec. 326.26 applicable to adverse examinations upon written interrogatories, and that their proceeding was instituted under the latter section.

It is not necessary, however, to determine just what appellants' theory is in order to decide the question presented—whether, in enjoining and restraining appellants' attorneys from proceeding with the proposed examination of W. W. Mackey by written interrogatories, the court improperly suppressed an examination to which they are entitled under sec. 326.12, Stats. Under that statute appellants are entitled to examine Mackey "once and no more." They were afforded that opportunity under the order of October 23, 1952, upon conditions which it was within the court's discretion to impose. They chose not to comply with that order. Neither did they appeal from it. To afford them another opportunity to examine Mackey would be tantamount to allowing one branch of the circuit court to review the order of another branch. The fact that they previously sought to examine him orally and now seek an examination by written interrogatories is immaterial. Having failed to comply with the order affording them the opportunity to examine him, which right is granted under sec. 326.12, they are in no position now to complain that the court has suppressed that right. The lower court apparently felt that appellants had abandoned their

right to such examination, and it was within its discretion to make the order it did.

*By the Court.*—Order affirmed.

FAIRCHILD, J., took no part.